**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

NILDA GRISONI

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation; BROWARD COUNTY,
a political subdivision of the State of Florida; and
INTERCRUISES SHORESIDE & PORT SERVICES,
INC.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NILDA GRISONI, sues Defendants, ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation; BROWARD COUNTY, a political subdivision of the State of Florida; and INTERCRUISES SHORESIDE & PORT SERVICES, INC., and alleges:

**I. PRELIMINARY ALLEGATIONS**

1. This is an action is in excess of $75,000, exclusive of costs and attorney's fees.
2. Plaintiff NILDA GRISONI is a resident and citizen of the country of Venezuela.
3. Defendant ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation, (hereinafter referred to as RCCL) is a foreign corporation with its base of operations/corporate headquarters in Miami, Florida.
4. Defendant, BROWARD COUNTY, a political subdivision of the State of Florida, (hereinafter BROWARD COUNTY) and may be sued as such pursuant to Florida Statute § 125.15.
5. Defendant, INTERCRUISES SHORESIDE & PORT SERVICES, INC., (hereinafter INTERCRUISES) is a foreign corporation with its base of operations/corporate headquarters in Miami, Florida.

1

6. This court has jurisdiction in this matter pursuant to 28 U.S.C. 1332. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event that the court rules that this case does not come under diversity of citizenship jurisdiction, then Plaintiff elects to proceed under the admiralty jurisdiction of the court.

7. At all times material hereto, Defendant RCCL was authorized to transact business in Broward County and maintains an office in Miami-Dade County, Florida.

8. At all times material hereto, Defendant BROWARD COUNTY was authorized to transact business and maintains an office in Broward County, Florida.

9. At all times material hereto, Defendant INTERCRUISES was authorized to transact business in Broward County and maintains an office in Miami-Dade County, Florida.

10. At all times material hereto, Defendants personally or through an agent;
    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
    b. Was engaged in substantial and not isolated business activity within this state.
    c. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

11. The causes of action in this complaint arise under the general maritime law of the United States.

12. Venue is proper because Plaintiff's passenger ticket requires that suit be filed in federal court Miami-Dade County, Florida.

13. At all times relevant to this action, Defendant RCCL was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, *Independence of the Seas*.

14. On or about August 2, 2015, Plaintiff was a paying passenger for a cruise on Defendant RCCL's vessel *Independence of the Seas*, which was in navigable waters. A copy of her ticket and/or an exemplar ticket is in Defendant RCCL's possession.

15. At all times material to this action, the vessel *Independence of the Seas* was located in navigable waters alongside Defendant RCCL's terminal at Port Everglades, Florida.

16. On or about August 2, 2015, Plaintiff (a seventy-four year old) was dropped off at the passenger front entrance to Defendant RCCL's terminal to board the vessel *Independence of the Seas* for a cruise vacation.
17. A wheelchair was requested for Plaintiff to complete the boarding process onto the vessel *Independence of the Seas* for the cruise vacation.
18. An employee at the vessel *Independence of the Seas*' terminal informed Plaintiff there were no wheelchairs available for her at that time.
19. The employee at the vessel *Independence of the Seas*' terminal directed her to sit on a bench near the front entrance of the terminal until a wheelchair became available.
20. As Plaintiff attempted to sit on the bench it suddenly and unexpectedly moved/tipped causing her to fall.
21. At all times relevant to this action, the bench was unstable, improper and defective.
22. As a result of the fall, Plaintiff was transported via ambulance to Broward Hospital.
23. As a result of the fall, Plaintiff suffered severe and permanent injuries, including displaced fractures in her left wrist/hand that necessitated a surgery with the implantation of hardware into her wrist/hand. Plaintiff continues to suffer with pain and problems with her wrist/hand.
24. At all times material to this action, Defendant RCCL owned, operated, managed, maintained and/or controlled the vessel *Independence of the Seas* and its agents and/or employees.
25. The vessel Independence of the Seas' terminal was used to embark and disembark cruise passengers for cruise vacations.
26. At all times material to this action, Defendant RCCL leased, operated, managed, maintained and/or controlled the vessel *Independence of the Seas*' terminal, including but not limited to the bench at the passenger front entrance.
27. At all times material to this action, Defendant RCCL, as the lessee of the vessel *Independence of the Seas*' terminal, managed, maintained and/or controlled the agents and/or employees working at that terminal in Port Everglades, Florida
28. At all times material to this action, Defendant BROWARD COUNTY owned, operated, managed, maintained and/or controlled the terminal for vessel *Independence of the Seas*

in Port Everglades, Florida, including but not limited to the bench at the passenger front entrance.

29. At all times material to this action, Defendant BROWARD COUNTY, as the lessor of the vessel *Independence of the Seas*' terminal, managed, maintained and/or controlled the agents and/or employees working at that terminal in Port Everglades, Florida

30. At all times material to this action, Defendant INTERCRUISES conducted ground handling services at the vessel *Independence of the Seas*' terminal in Port Everglades, Florida.

31. At all times material to this action, Defendant INTERCRUISES, managed, maintained and/or controlled the agents and/or employees working at vessel *Independence of the Seas*' terminal in Port Everglades, Florida.

32. At all times material to this action, Defendant INTERCRUISES, managed, maintained and/or controlled the terminal for vessel *Independence of the Seas* in Port Everglades, Florida, including but not limited to the bench at the passenger front entrance.

33. Plaintiff provided all Defendants with notice of her claim for damages. Pursuant to Florida Statute §768.28, Plaintiff provided Defendant BROWARD COUNTY with notice of intent to sue.

## II. COUNT I – NEGLIGENCE AGAINST RCCL

34. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 33 as though alleged originally herein.

35. It was the duty of Defendant RCCL to provide Plaintiff with reasonable care under the circumstances.

36. On or about August 2, 2015, Defendant RCCL and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

37. Plaintiff was injured due to the fault and/or negligence of Defendant RCCL, and/or its agents, servants, and/or employees as follows: a. Failed to have adequate seating for passengers for the embarkation process; and/or; b. Failed to have sufficient wheelchairs for passengers to utilize the embarkation process;, and/or; c. Failed to maintain the bench

in a reasonably safe condition, and/or; d. Allowed an unstable, improper and/or defective bench in the passenger entrance area, and/or; e. Failed to have a reasonably stable, secure bench for passenger use; and/or; f. Failed to warn Plaintiff of the dangers of the subject bench; and/or g. Failed to make sure the bench was fit for its intended use, and/or h. Failure to use reasonable care to provide and maintain a proper and safe bench for passenger's use, and/or i. Failure to promulgate and enforce reasonable rules and regulations to insure the safety of the passengers and more particularly the Plaintiff, during the embarkation process, and/or j. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident, and/or  k.  Failure to follow sound safety practices with the goal of providing passengers with a safe bench, and/or; l. Prior to Plaintiff's incident Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard and/or m. Failure to have the proper bench in the location of Plaintiff's incident; n.  Failed to adequately inspect the bench in the subject area to make sure it was reasonably safe and in proper condition for use; o.  Failed to adequately warn plaintiff of the danger of the unstable, improper, defective bench in the subject area; p.  Failed to block passengers access to subject bench, and/or; q. Failed to remove the subject bench from the subject area; and/or r. Failed to adequately train, instruct and/or supervise the employees and/or agents and/or contractors with respect to the subject area and bench; and/or s. Failed to provide a reasonably safe embarkation, all of which caused Plaintiff to be injured when she fell.

38. At all material times, Defendant had exclusive custody and control of the above named

vessel terminal area and the subject bench.

39. At all material times, Defendant created the foregoing dangerous condition.

40. At all times material hereto, Defendant negligently failed to determine the hazards on and near the vessel and its terminal to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

41. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

42. Defendant created the condition that caused Plaintiff's injuries.

43. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant RCCL and demands trial by jury.

### III. COUNT II – NEGLIGENCE AGAINST BROWARD COUNTY

44. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 33 as though alleged originally herein.

45. It was the duty of Defendant BROWARD COUNTY to provide Plaintiff with reasonable care under the circumstances and to maintain the premises and the subject bench.

46. On or about August 2, 2015, Defendant BROWARD COUNTY and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

47. On or about August 2, 2015, Defendant BROWARD COUNTY and/or its agents, servants, and/or employees negligently maintained subject bench and the premises.

48. Plaintiff was injured due to the fault and/or negligence of Defendant BROWARD COUNTY, and/or its agents, servants, and/or employees as follows: a. Failed to have adequate seating for passengers for the embarkation process; and/or; b. Failed to have sufficient wheelchairs for passengers to utilize the embarkation process;, and/or; c. Failed to maintain the bench in a reasonably safe condition, and/or; d. Allowed an unstable, improper and/or defective bench in the passenger entrance area, and/or; e. Failed to have a reasonably stable, secure bench for passenger use; and/or; f. Failed to warn Plaintiff of the dangers of the subject bench; and/or g. Failed to make sure the bench was fit for its intended use, and/or h. Failure to use reasonable care to provide and maintain a proper and safe bench for passenger's use, and/or i. Failure to promulgate and enforce reasonable rules and regulations to insure the safety of the passengers and more particularly the Plaintiff, during the embarkation process, and/or j. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident, and/or k. Failure to follow sound safety practices with the goal of providing passengers with a safe bench, and/or; l. Prior to Plaintiff's incident Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard and/or m. Failure to have the proper bench in the location of Plaintiff's incident; n. Failed to adequately inspect the bench in the subject area to make sure it was reasonably safe and in proper condition for use; o. Failed to adequately warn plaintiff of the danger of the unstable, improper, defective bench in the subject area; p. Failed to block passengers access to subject bench, and/or; q. Failed to remove the subject bench from the subject area; and/or r. Failed to adequately train, instruct and/or supervise the employees and/or agents and/or contractors with respect to the subject area and bench, all of which caused Plaintiff to be injured when she fell.
49. At all material times, Defendant had exclusive custody and control of the above named vessel terminal area and the subject bench.
50. At all material times, Defendant created the foregoing dangerous condition.
51. At all times material hereto, Defendant negligently failed to determine the hazards on and

7

near the vessel and its terminal to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

52. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

53. Defendant created the condition that caused Plaintiff's injuries.

54. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant BROWARD COUNTY and demands trial by jury.

## IV. COUNT I – NEGLIGENCE AGAINST INTERCRUISES

55. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 33 as though alleged originally herein.

56. It was the duty of Defendant INTERCRUISES to provide Plaintiff with reasonable care under the circumstances.

57. On or about August 2, 2015, Defendant INTERCRUISES and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

58. Plaintiff was injured due to the fault and/or negligence of Defendant INTERCRUISES, and/or its agents, servants, and/or employees as follows: a. Failed to have adequate seating for passengers for the embarkation process;  and/or; b. Failed to have sufficient wheelchairs for passengers to utilize the embarkation process, and/or; c.  Failed to maintain the bench in a reasonably safe condition, and/or; d. Allowed an unstable,

improper and/or defective bench in the passenger entrance area, and/or; e. Failed to have a reasonably stable, secure bench for passenger use; and/or; f. Failed to warn Plaintiff of the dangers of the subject bench; and/or g. Failed to make sure the bench was fit for its intended use, and/or h. Failure to use reasonable care to provide and maintain a proper and safe bench for passenger's use, and/or i. Failure to promulgate and enforce reasonable rules and regulations to insure the safety of the passengers and more particularly the Plaintiff, during the embarkation process, and/or j. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident, and/or k. Failure to follow sound safety practices with the goal of providing passengers with a safe bench, and/or; l. Prior to Plaintiff's incident Defendant failed to investigate the hazards to passengers and take necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard and/or m. Failure to have the proper bench in the location of Plaintiff's incident; n. Failed to adequately inspect the bench in the subject area to make sure it was reasonably safe and in proper condition for use; o. Failed to adequately warn plaintiff of the danger of the unstable, improper, defective bench in the subject area; p. Failed to block passengers access to subject bench, and/or; q. Failed to remove the subject bench from the subject area; and/or r. Failed to adequately train, instruct and/or supervise the employees and/or agents and/or contractors with respect to the subject area and bench; and/or s. Failed to provide a reasonably safe embarkation, all of which caused Plaintiff to be injured when she fell.

59. At all material times, Defendant had exclusive custody and control of the above named vessel terminal area and the subject bench.
60. At all material times, Defendant created the foregoing dangerous condition.
61. At all times material hereto, Defendant negligently failed to determine the hazards on and near the vessel and its terminal to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.
62. Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and

corrected them.

63. Defendant created the condition that caused Plaintiff's injuries.

64. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and her working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant INTERCRUISES and demands trial by jury.

MEISTER LAW, LLC
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, FL 33130
TEL: (305) 590-5570
FAX: (305) 675-3787
E-MAIL: TonyaJMeister@aol.com
*Attorney for Plaintiff*

BY: s/TonyaJMeister
TONYA J. MEISTER
FLORIDA BAR NO.: 0629243